PROB 12C
(12/04)

UNITED STATES DISTRICT COURT

for

District of Guam

**FILED**
DISTRICT COURT OF GUAM
AUG 1 5 2006 
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:     **Patrick J. Palomo**                            Case Number: **CR 88-00056-001**

Name of Sentencing Judicial Officer:     Honorable Cristobal C. Duenas

Date of Original Sentence:     February 3, 1989

Original Offense:     Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841

Original Sentence:     15 years imprisonment followed by three years special parole. On April 2, 1994, he was paroled by the U.S. Parole Commission with an expiration date of February 2, 2004. On June 26, 1997, Mr. Palomo's parole was revoked and he was ordered to serve four months with credit for time served. On July 24, 1997, he was released from imprisonment and returned to parole supervision with the same expiration date of February 2, 2004. In February 2000, after two positive urine tests, Mr. Palomo was ordered by the Parole Commission to perform 50 hours of community service. He was arrested under a Parole Commission warrant in June 2000 and charged with the use of unlawful drugs. In September 2000, the Commission released Mr. Palomo back to parole without revoking his parole and his conditions were modified to include participation in a drug aftercare program. In December 2000, a report was submitted to the Commission alleging that Mr. Palomo violated his conditions by using dangerous and habit-forming drugs. On June 23, 2001, the Commission sent him a letter of reprimand. On June 25, 2001, a violation report was submitted to the Commission for further violations of his drug aftercare conditions. On March 25, 2002, parole was again revoked and Mr. Palomo was ordered to serve 10 months with credit for time served. He was released from imprisonment on September 7, 2002. Among other conditions, Mr. Palomo was ordered to participate in a drug and mental health treatment program, and abstain from alcohol and other intoxicants before and after treatment. On April 2, 2003, Mr. Palomo's conditions were modified to include 100 additional hours of community service as a sanction for a positive urinalysis on March 10, 2003. Mr. Palomo's term of parole expired on February 2, 2004. On September 28, 2004, he was resentenced to a term of supervised release pursuant to Supreme Court decision, Gozlon-Peretz v. United States. Informational violation report filed August 18, 2005 for noncompliance. Conditions modified on December 5, 2005 to include thay he refrain from any unlawful use of a controlled substance; and submit to a maximum of eight drug tests per month as directed by the probation officer.

Type of Supervision:     Supervised Release                    Date Supervision  September 28, 2004

Assistant U.S. Attorney: Frederick A. Black                    Defense Attorney: Rawlen T. Mantanona

---

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number     Nature of Noncompliance
1                    Substitution of urine specimen under urinalysis (7/13/2006)

2                    Failure to report to the U.S. Probation Office as instructed (7/27/2006)

ORIGINAL

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [ ] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[X] The conditions of supervision should be modified as follows:

1. The defendant shall serve four days of intermittent confinement, pursuant to Title 18 U.S.C. § 3583(e)(2), 3583(d)(3) at the direction of the U.S. Probation Office, the Bureau of Prisons, and the U.S. Marshals Office.

*See attached Declaration in Support of Petition,
re: Violation of Supervised Release; Request for a Summons*

Reviewed by:

/s/ FRANK MICHAEL CRUZ
Chief U.S. Probation Officer
Date: 8/7/2006

Reviewed by:

/s/ FREDERICK A. BLACK
Assistant U.S. Attorney
Date: 8-9-06

I declare under penalty of perjury that the foregoing is true and correct.

/s/ ROBERT I. CARREON
U.S. Probation Officer
Executed on: 8/7/06

---

**THE COURT ORDERS:**

[ ] No action.

[ ] The issuance of a warrant.

[X] The issuance of a summons.

[ ] Other

RECEIVED
AUG 14 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

JOAQUIN V.E. MANIBUSAN, JR.
U. S. Magistrate Judge

/s/ Signature of Judicial Officer

August 15, 2006
Date

# VIOLATION WORKSHEET

1. Defendant: **Patrick J. Palomo**
2. Docket Number (Year-Sequence-Defendant No.): **CR 88-00056-001**
3. District/Office: Guam
4. Original Sentence Date: 02 / 03 / 89 (month / day / year)

(If different than above):

5. Original District/Office: N/A
6. Original Docket Number (Year-Sequence-Defendant No.): N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Substitution of urine specimen under urinalysis (7/13/2006) | C |
| • Failure to report to the U.S. Probation Office as instructed (7/27/2006) | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): **C**
9. Criminal History Category (see §7B1.4(a)): **I**
10. Range of Imprisonment (see §7B1.4(a)): **3-9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:88-cr-00056   Document 84   Filed 08/15/2006   Page 3 of 6

Defendant: Patrick J. Palomo

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | 0 | Community Confinement | 0 |
    | Fine ($) | 0 | Home Detention | N/A |
    | Other | | Intermittent Confinement | |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: N/A

    **The Probation Officer is not recommending revocation at this time.**

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    **None.**

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE-Suite 2-500, South Lobby, Washington, DC 20002-8002

Case 1:03-cr-00250, Document 84 Filed 03/15/2006 Page 4 of 6

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>vs.<br><br>PATRICK J. PALOMO<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL CASE NO. 88-00056-001<br><br>**DECLARATION IN SUPPORT OF PETITION** |

**Re: Violation of Supervised Release; Request for a Summons**

I, Robert I. Carreon, am the U.S. Probation Officer assisting in the supervision of Court-ordered conditions of supervised release for Patrick J. Palomo and in that capacity declare as follows:

On February 3, 1989, Patrick J. Palomo was sentenced to 15 years imprisonment followed by three years special parole for the offense of Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841. He was originally paroled on April 2, 1994. Mr. Palomo's term of parole expired on February 2, 2004. On September 28, 2004, he was resentenced to a term of supervised release pursuant to Supreme Court decision, <u>Gozlon-Peretz v. United States.</u>

**Special Condition:** *The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse. This program may include the testing for the detection of substance use or abuse and the prescription of medication.* On July 13, 2006, Mr. Palomo reported for urinalysis, which rendered negative results. Testers noticed, however, that the urine specimen provided by Mr. Palomo was of an unusual red color. As such, the sample was forwarded for laboratory for further analysis. Results from the laboratory received on July 25, 2006 indicated that the test specimen was "substituted" and that it is "not consistent with normal human urine".

**Standard Condition:** *The defendant shall follow the instructions of the probation officer.* On July 26, 2006, this Officer proceeded to Mr. Palomo's residence to address the urinalysis violation outlined above, after attempts to contact him telephonically were unsuccessful. Mr. Palomo was instructed by this Officer to report for a compliance meeting on July 27, 2006. He agreed to report as instructed and related that he knew the meeting was for a drug testing issue. Mr. Palomo failed

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Summons
Re:   PALOMO, Patrick J.
USDC Cr. Cs. No. 88-00056-001
August 4, 2006
Page 2

to report to the probation office as instructed and has not contacted this Officer to offer any explanation. Subsequent attempts to contact Mr. Palomo by this Officer directly or via family members have been unsuccessful.

**Supervision Compliance:** Mr. Palomo has been sporadically employed as an automotive mechanic and self-employed performing odd jobs.

**Recommendation:** It appearing that Mr. Palomo continues to violate the drug treatment and testing program and refuses to meet with this Officer, therefore, it is respectfully requests that the Court issue a Summons for the defendant to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why his term of supervised release should not be modified or revoked pursuant to 18 U.S.C. § 3583.

Further, upon finding of the violations reported above, this Officer respectfully requests that the Court modify conditions of supervised release to require that Mr. Palomo serve four days of intermittent confinement, pursuant to Title 18 U.S.C. § 3583(e)(2), 3583(d)(3) at the direction of the U.S. Probation Office, the Bureau of Prisons, and the U.S. Marshals Office.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 7th day of August 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

_____
FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc:   Frederick A. Black, AUSA
      Rawlen T. Mantanona, Defense counsel
      File