

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | )<br>)<br>) | CRIMINAL CASE NO. 88-00056-001 |
| vs. | )<br>)<br>) | **DECLARATION IN SUPPORT OF PETITION**<br>**(Supplemental)** |
| PATRICK J. PALOMO<br>Defendant. | )<br>)<br>)<br>) | |

I, Robert I. Carreon, am the U.S. Probation Officer assisting in the supervision of Court-ordered conditions of supervised release for Patrick J. Palomo and in that capacity declare as follows:

The following information is a supplement to the Petition for Summons and Declaration In Support of Petition dated August 4, 2006. The supplemental information does not change the severity of violations previously reported as grade C violations. An amended violation worksheet is attached accordingly.

**Mandatory Condition:** *The defendant shall refrain from any unlawful use of a controlled substance.* On August 8, 2006, Mr. Palomo reported to the U.S. Probation Office for a compliance meeting. He stated that he was instructed to report by his drug treatment counselor at a counseling session on August 7, 2006. Mr. Palomo was informed that a petition for a hearing is being requested by this Officer for his urine substitution on July 13, 2006 (as confirmed by the laboratory), and his failure to report to the probation office for a compliance meeting on July 27, 2006. Upon further discussion, Mr. Palomo admitted to this Officer that he had substituted his urine specimen on July 13, 2006 as identified by the laboratory in order to evade detection of his unauthorized use of prescription medication. Accordingly, he executed an admission form for using what he called, "anonamins", a controlled stimulant on July 12, 2006. Mr. Palomo also admitted to failing to meet with this Officer on July 27, 2006 as instructed. He stated that he had transportation problems and failed to notify this Officer as required. Mr. Palomo denied, however, missing urinalysis on July 31, 2006 as outlined above. He insisted that his designated number was not announced on the testing bulletin. Despite this claim, this Officer confirmed that he was scheduled for testing on that date, and that all the usual process to notify him of his appointment were followed.

**Special Condition:** *The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse. This program may include the testing for the detection of substance use or abuse and the prescription of medication.* On July 31, 2006, Mr. Palomo failed to report for urinalysis. As outlined above, he insists that he was not scheduled for testing on this date.

Declaration in Support of Petition (Supplemental)
Re:     PALOMO, Patrick J.
USDC Cr. Cs. No. 88-00056-001
August 16, 2006
Page 2

Mr. Palomo was informed that for the his violations outlined above, this Officer would not recommend that the Court impose a full term of revocation imprisonment, but instead recommend that the Court modify conditions of supervised release to require that he serve four days of intermittent confinement. In addition, he would be returned to day 1 phase I of the drug treatment/testing program. Mr. Palomo was informed that the recommendation against revocation at this time was to consider his positive adjustment under supervision in the past year, yet sanction him enough to remind him that continued drug use would not be tolerated. He stated that he would agree to the modification for intermittent confinement as recommended by the probation office and would notify the Court accordingly at the upcoming violation hearing.

**Recommendation:** The probation officer respectfully requests that the Court consider the above information at a scheduled violation hearing. Further, upon finding of the violations reported above, this Officer respectfully requests that the Court modify conditions of supervised release to require that Mr. Palomo serve four days of intermittent confinement, pursuant to Title 18 U.S.C. § 3583(e)(2), 3583(d)(3) at the direction of the U.S. Probation Office, the Bureau of Prisons, and the U.S. Marshals Office.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 18th day of August 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:   Frederick A. Black, AUSA
      Rawlen T. Mantanona, Defense counsel
      File

# AMENDED VIOLATION WORKSHEET

1. Defendant: **Patrick J. Palomo**
2. Docket Number (Year-Sequence-Defendant No.): **CR 88-00056-001**
3. District/Office: **Guam**
4. Original Sentence Date: **02 / 03 / 89** (month / day / year)

(If different than above):

5. Original District/Office: **N/A**
6. Original Docket Number (Year-Sequence-Defendant No.): **N/A**
7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Substitution of urine specimen under urinalysis (7/13/2006) | C |
| • Failure to report to the U.S. Probation Office as instructed (7/27/2006) | C |
| • Use of a controlled substance ( Admission for use on 7/12/06) | C |
| • Failure to report for urinalysis (7/31/06) | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): **C**
9. Criminal History Category (see §7B1.4(a)): **I**
10. Range of Imprisonment (see §7B1.4(a)): **3-9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:88-cr-00056　　Document 86　　Filed 08/18/2006　　Page 3 of 4

Defendant: Patrick J. Palomo

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | 0 | Community Confinement | 0 |
    | Fine ($) | 0 | Home Detention | N/A |
    | Other | | Intermittent Confinement | |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: N/A

    **The Probation Officer is not recommending revocation at this time.**

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see _____ months _____ days